# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: K.W. IV and A.W.**

**No. 13-1041** (McDowell County 09-JA-46 and 09-JA-47)

**FILED**

June 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Joshua Miller, appeals the Circuit Court of McDowell County's September 20, 2013, order terminating his parental rights to K.W. IV and A.W. ("the children"). The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William Jones, filed its response in support of the circuit court's order. The children's guardian ad litem, R. Keith Flinchum, filed a response on their behalf that supports the circuit court's order. The foster parents, intervenors below, by counsel Paige Flanigan, also filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights and denying post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2009, the West Virginia State Police responded to a violent altercation at Petitioner Father's house after he allegedly threatened two individuals with a pistol and committed domestic violence against the subject children's mother. Several days later, the DHHR received a referral that the children's mother was having a sexual relationship with a juvenile. The referral also stated that the home was unsanitary and that there were unsecured pill bottles and dangerous weapons within the children's reach. Based upon these allegations, the DHHR filed a petition for immediate custody of the minor children.

In June of 2010, Petitioner Father stipulated that domestic violence occurred in the presence of the children and that he failed to provide A.W. with proper nutrition. As a result, the circuit court adjudicated Petitioner Father as a neglectful parent. The circuit court granted Petitioner Father a post-adjudicatory improvement period to address issues regarding domestic violence, anger management, and A.W.'s malnutrition.

In August of 2011, the circuit court held a dispositional hearing. The circuit court heard testimony that Petitioner Father had successfully completed all of the services required by the circuit court during his post-adjudicatory improvement period. The circuit court also heard testimony that Petitioner Father had allegedly sexually abused K.W. IV. As a result, the circuit court continued the dispositional hearing and directed Petitioner Father to undergo a "sex

1

offender psychological [evaluation]." Petitioner Father's psychological evaluation revealed that while Petitioner Father was of average intelligence, the expert could not "recommend the independent return of the children to him or unsupervised visitation at the current time." Further the psychologist opined that even with parenting classes, anger management classes, and substance abuse counseling that he would consider Petitioner Father's prognosis as "guarded." The circuit court also found that Petitioner Father's "inability to control his anger is an emotional illness that renders him incapable of exercising proper parenting skills." Following the continued dispositional hearing, the circuit court terminated Petitioner Father's parental rights on the grounds that he had failed to accept responsibility for A.W.'s "malnutrition/failure to thrive"[1] and that his "inability to control his anger is an emotional illness that renders him incapable of exercising proper parenting skills."[2] It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father first argues that his rights should not have been terminated. Petitioner Father contends that he successfully completed his improvement period and remedied the conditions of neglect that led to the filing of this petition. Petitioner Father also argues that the circuit court erred in terminating his parental rights based on an emotional illness that did not exist.

This Court recently held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, No. 13-0342, 2014 WL 537757 (W.Va. Feb. 5, 2014). While the circuit court heard evidence that

---

[1]The GAL argued that Petitioner Father still referred to his daughter as "small boned."

[2]During the dispositional hearing the circuit court heard testimony from two expert witnesses regarding the allegations of sexual abuse. After considering the testimony, the circuit court found that the DHHR "failed to prove [the] allegations by clear and convincing evidence."

Petitioner Father successfully completed the terms and conditions of his improvement period, the circuit court remained concerned about Petitioner Father's ability to provide appropriate care for his children and his history of emotional outbursts and domestic violence. This evidence constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future under West Virginia Code §§ 49-6-5(b)(3) and (6). Circuit courts are directed to terminate parental rights upon this finding and when termination is necessary for the children's welfare pursuant to West Virginia Code § 49-6-5(a)(6). Upon our review, the Court finds no error in the circuit court's termination of Petitioner Father's parental rights because the circuit court found that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse or neglect in the near future.

Petitioner Father next argues that the circuit court erred in denying his motion for post termination visitation. Petitioner Father asserts that he has a strong bond with the children and that it is in the children's best interest to have post-termination visitation. Petitioner Father also argues that the circuit court failed to consider the fact that he had exercised his supervised visitation with his children.

> "'When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.' Syllabus Point 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)." Syl. Pt. 8, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

Syl. Pt. 8, *In re: Charity H.*, 215 W.Va. 208, 599 S.E.2d 631 (2004).

Our review of the record supports the circuit court's decision denying Petitioner Father post-termination visitation with his children. After considering all of the evidence, including Petitioner Father's psychological evaluation, the circuit court found that Petitioner Father's mental illness prevents him from "exercising proper parenting skills." Additionally, the circuit court found that "both children would benefit from structure and stability and that continued association with [Petitioner Father] would only upset them and hinder them from a sense of normalcy." For these reasons the Court finds no error in the circuit court's decision denying Petitioner Father post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 20, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4